[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12611
_____

D. C. Docket No. 1:07-cv-01541-RWS

LIFE RECEIVABLES IRELAND LIMITED,

Plaintiff-Appellant,

versus

BABCOCK & BROWN INVESTMENT
MANAGEMENT PARTNERS LP,
BABCOCK & BROWN LP,
LIFE SETTLEMENT CORPORATION, d.b.a.
Peachtree Life Settlements, et al.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____
(July 25, 2012)

Before DUBINA, Chief Judge, EDMONDSON, Circuit Judge, and GOLDBERG,[*]
Judge.

---

[*]Honorable Richard W. Goldberg, United State Court of International Trade Judge, sitting
by designation.

PER CURIAM:

This case involves the sale between sophisticated parties of an investment vehicle with returns tied to certain life insurance contracts: contracts insuring the lives of persons who are not parties to this action.  Briefly stated, the vehicle owned life insurance contracts purchased from people, paid the premiums on the contracts, and owned rights to the death benefits in the contracts. The investment vehicle's return varied depending upon when the insured persons died: the longer the insured persons lived the lower the vehicle's return.

After a long diligence process, Plaintiff Life Receivables Ireland Limited ("Plaintiff")  purchased the investment vehicle for several million dollars in June 2005.  The investment vehicle was created and sold by related corporate entities of Life Settlement Corporation d/b/a Peachtree Life Settlements ("Peachtree") and Babcock & Brown LP ("Babcock") (together, "Defendants").

In creating the vehicle, Defendants obtained contingent cost insurance policies ("CCI Policies") from Goshawk Dedicated Limited ("Goshawk") that helped limit the variability of the vehicle's returns by guaranteeing payment of death benefits to the vehicle within a certain number of years past each covered

2

individual's actuarial life expectancy, even if that person had not died by then.  On their face, the CCI Policies included an absolute obligation for Goshawk to pay the contractually-mandated claims.  Goshawk's only opportunity to set-off or lower its burden under the CCI Policies was to seek indemnification later from Peachtree through arbitration.

Plaintiff alleges that, during the diligence process -- before the pertinent sale -- Goshawk met with Peachtree and told Peachtree that Goshawk would refuse its obligations under the CCI Policies, unless Defendants agreed to a discounted commutation of Goshawk's obligations.  The Defendants executed no commutation and disclosed nothing about this meeting to Plaintiff before the sale.  Later, in July 2005, Goshawk did in fact refuse to pay the first policy claim and disavowed its obligations on the grounds of actuarial fraud.

After settling with Goshawk, Plaintiff brought suit against Defendants alleging federal securities law violations and violations of Georgia common law based on Defendants' failure to disclose Goshawk's threat.  The district court dismissed the complaint with prejudice based in part on its determination that Defendants had no duty to disclose the contents of the meeting.  Plaintiff appealed.

A defendant is liable for omitting to state a material fact only when we -- after considering several factors -- determine that the defendant had an affirmative

3

duty to disclose. See Ziemba v. Cascade Intern., Inc., 256 F.3d 1194, 1206 (11th Cir. 2001). Even accepting -- as we must -- Plaintiff's allegations as true, in this case Defendants were under no duty to disclose -- simply on their own accord -- the contents of the meeting between Peachtree and Goshawk to Plaintiff. In particular, that Defendants were in no fiduciary relationship -- or in any other special relationship like accountant or broker -- with the Plaintiff, that Defendants' failure to speak would not render Defendants' own prior speech misleading or deceptive, the arm's length nature of the sale, the continuing access Plaintiff, itself, had to Goshawk during the extensive diligence process, and the sophisticated nature of the parties weigh against a duty to disclose.[1]   Absent a duty to disclose, Plaintiff's case cannot stand. Seeing no reversible error in the district court's handling of this case, we affirm the district court's dismissal of this action.

      AFFIRMED.

---

[1] No duty to disclose under Georgia law exists under these circumstances. In particular, Plaintiff's continuing access to Goshawk weighs against finding a duty to disclose under Georgia law and -- among other things -- clearly distinguishes this case from Williams v. Dresser Indus., Inc., 120 F.3d 1163 (11th Cir. 1997).